WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joan Wolf,<br><br>    Plaintiff,<br><br>v.<br><br>Discover Financial Services Incorporated,<br><br>    Defendant. | No. CV-19-04989-PHX-JAT<br><br>**ORDER** |

  Pending before the Court are *pro se* Plaintiff Joan Wolf's Motion to Compel Outstanding Discovery (Doc. 87) and Motion to Compel Production of Privilege Log Documents (Doc. 89) (collectively, the "Motions"). For the following reasons, the Motions are DENIED.

**I. BACKGROUND**

  On June 29, 2020 at 2:40 p.m., Plaintiff sent an email to chambers, with copy to opposing counsel, notifying the Court that the parties had a discovery dispute. (*See* Doc. 82). The deadline to complete discovery was June 29, 2020. (Doc. 57). At the time of Plaintiff's email, the Court had only 2 hours and 20 minutes to resolve the dispute before discovery closed, and the Court's Rule 16 Order clearly states that "'last minute' or 'eleventh hour' discovery . . . will be met with disfavor." (Doc. 30 at 2 n.2). Thus, the Court issued its June 30, 2020, Order declining to hear the last-minute discovery dispute. (Doc. 82 at 2).

  On August 24, 2020, Plaintiff submitted the Motions to the Court seeking "to

compel Defendant . . . to produce outstanding document requests," (Doc. 87 at 1), and seeking the underlying documents listed on privilege logs produced by Defendant, (Doc. 89 at 4–6). Plaintiff's Motion to Compel Outstanding Discovery also sought "relief from the Order of this Court dated June 30, 2020." (Doc. 87 at 2). Defendant submitted responses to the Motions (Docs. 93, 94), and Plaintiff submitted Replies (Docs. 95, 97).

## II.   DISCOVERY REQUESTS

The deadline to complete discovery was June 29, 2020. (Doc. 57). Thus, the Motions were submitted well after discovery closed and are untimely. The Court's Rule 16 Order states:

> As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the parties shall complete all discovery by the deadline set forth in this Order (complete being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and may result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

(Doc. 30 at 2 n.2) (emphasis omitted).

Plaintiff's Motion to Compel Outstanding Discovery asserts that extraordinary circumstances prevented her from complying with the discovery deadline. (*See* Doc. 87 at 1–2). Specifically, Plaintiff contends that an unspecified "debilitating, chronic illness" has "restricted [Plaintiff] in all type of activity, including hampering [Plaintiff]'s determination in completion of documents to be filed." (Doc. 87 at 2). Plaintiff further asserts that she has encountered "restrictions" due to the COVID-19 pandemic. (*Id.*). However, Plaintiff was able to send requests for documents to Defendant throughout May and June 2020, (Id. at 3–5), and, Plaintiff was able to meet and confer by phone with Defendant multiple times including on June 18, 2020, (Doc. 89 at 1–2). Plaintiff was also able to submit documents

to the Court in May and June, including on June 26, 2020. (*See* Docs. 72, 83). Plaintiff was additionally able to send an email to the Court notifying it of a discovery dispute on June 29, 2020. (Doc. 82 at 1).

The record indicates that Plaintiff could have submitted the Motions or contacted the Court regarding a discovery dispute prior to the discovery deadline despite any limitations due to illness or the COVID-19 pandemic. Thus, Plaintiff has not demonstrated that extraordinary circumstances prevented her from complying with the June 29, 2020, discovery deadline, and the Court will deny the discovery motions. *See McClellon v. Wells Fargo Advisors Fin. Network, LLC*, No. C18-0852-JCC, 2019 WL 972834, at *2 (W.D. Wash. Feb. 28, 2019) (holding that Plaintiff, who suffered from an "unspecified 'chronic illness'" had not demonstrated extraordinary circumstances to excuse an untimely response because Plaintiff had timely responded to other requests and communications).

### III. REQUEST FOR RELIEF

Plaintiff's Motion to Compel Outstanding Discovery also seeks, under Federal Rule of Civil Procedure (FRCP) 60(b), "relief from the Order of this Court dated June 30, 2020." (Doc. 87 at 2). Because the Court's June 30, 2020, Order did not "end [ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment," the challenged order is not a final judgment or appealable interlocutory order. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Thus, Plaintiff cannot avail herself of FRCP 60(b) which only applies to reconsideration of "final judgments and appealable interlocutory orders." *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466–67 (9th Cir. 1989).

However, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, the Court will consider Plaintiff's request for "relief" a motion for reconsideration filed under either: (i) FRCP 54(b), which allows courts to revise "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the right and liabilities of fewer than all the parties ... before the entry of judgment ..."; or (ii) the Court's inherent common-law authority "to rescind an interlocutory order over which it has

jurisdiction ...." *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003) (citing *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001)) (examining motion for reconsideration of a discovery order under FRCP 54(b) and inherent authority rather than FRCP 59 or FRCP 60(b)). While the common law and Rule 54(b) may provide distinct sources for the Court's authority to reconsider its rulings, it appears that the approach should be the same under both. *Cf. Souza v. Ashcroft*, No. C00–4246MMC, 2001 WL 823816, at *3 (N.D. Cal. July 16, 2001), aff'd, 52 F. App'x 40 (9th Cir. 2002) (treating both sources as providing equivalent basis for reconsidering an interlocutory order).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Local Rule Civ. 7.2(g)(1); *see also Motorola*, 215 F.R.D. at 586 (analyzing a motion for reconsideration). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Local Rule Civ. 7.2(g)(2). The good cause standard primarily considers the diligence of the party filing the untimely motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff filed the Motions on August 24, 2020, which is more than 14 days after the Court's June 30, 2020, Order, so Plaintiff's motion for reconsideration is untimely. Plaintiff does not show good cause for the untimely filing, asserting only that an unspecified "debilitating, chronic illness" has "restricted [Plaintiff] in all type of activity, including

hampering [Plaintiff]'s determination in completion of documents to be filed," and that she faces "restrictions" due to the COVID-19 pandemic. (Doc. 87 at 2). Neither of these reasons demonstrate good cause or diligence on Plaintiff's part in filing the untimely Motions as the record shows Plaintiff was able to contact and file documents with the Court within days of the June 30, 2020, Order. Thus, the Court will deny the untimely motion for reconsideration. *See Combs v. Arizona*, No. CV-06-2011-PHX-DGC, 2008 WL 1994911, at *1 (D. Ariz. May 6, 2008) (denying untimely motion for reconsideration where good cause had not been shown).[1]

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Outstanding Discovery (Doc. 87) and Motion to Compel Production of Privilege Log Documents (Doc. 89) are DENIED.

Dated this 6th day of October, 2020.

James A. Teilborg
Senior United States District Judge

---

[1] The Court notes that, even if the motion for reconsideration was timely, it states no new facts that could not have been brought to the Court's attention prior to the July 30, 2020, Order, presents now new legal authority since the Court's July 30, 2020, Order, and shows no manifest error on the part of the Court in its July 30, 2020, Order as is needed to justify reconsideration of an order.