**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joan Wolf, | No. CV-19-04989-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Discover Financial Services Incorporated, | |
| Defendant. | |

Pending before the Court are *pro se* Plaintiff's Motion for Reconsideration (Doc. 103) and Motion to File a Late Response (Doc. 106), and Defendant's Request for Summary Disposition (Doc. 114). For the following reasons, the Motion for Reconsideration is DENIED, the Motion to File a Late Response is GRANTED, and the Request for Summary Disposition is DENIED.

**I.   BACKGROUND**

On June 29, 2020, at 2:40 p.m., Plaintiff sent an email to chambers, copying opposing counsel, notifying the Court that the parties had a discovery dispute. (*See* Doc. 82). The deadline to complete discovery was June 29, 2020. (Doc. 57). Plaintiff sent her email on the day that discovery closed, and the Court's Rule 16 Order clearly states that "'last minute' or 'eleventh hour' discovery . . . will be met with disfavor." (Doc. 30 at 2 n.2). Thus, the Court issued its June 30, 2020 Order declining to hear the last-minute discovery dispute. (Doc. 82 at 2).

On August 24, 2020, Plaintiff submitted motions to compel to the Court seeking "to

compel Defendant . . . to produce outstanding document requests," (Doc. 87 at 1), and seeking the underlying documents listed on privilege logs produced by Defendant, (Doc. 89 at 4–6). Plaintiff's motions also sought "relief from the Order of this Court dated June 30, 2020." (Doc. 87 at 2).

On August 28, 2020, Defendant filed a Motion for Summary Judgment (Doc. 92). Plaintiff then filed a Motion for Extension of Time to File a Response (Doc. 99), which the Court granted on September 30, 2020. (*See* Doc. 101). In granting Plaintiff's Motion for Extension of Time to File a Response, the Court set the deadline for Plaintiff's Response to October 29, 2020 and warned Plaintiff that there would be no further extensions of time. (*See id.* at 2).

In its October 6, 2020 Order, the Court denied Plaintiff's motions to compel and denied "relief from the Order of this Court dated June 30, 2020." The Court found, among other things, that the motions to compel and for relief were untimely. (*See* Doc. 102 at 2–5). On October 19, 2020, Plaintiff filed a Motion for Reconsideration (Doc. 103).

Plaintiff then failed to submit her response to the Motion for Summary Judgment by October 29, 2020. On November 20, 2020, Plaintiff filed a Motion to File a Late Response to Motion for Summary Judgment (Doc. 106) and a Proposed Response to Motion for Summary Judgment (Doc. 107). Defendant filed a Response in Opposition and a Request for Summary Disposition (Doc. 114).

## II.  MOTION FOR RECONSIDERATION

A motion for reconsideration can be considered under either: (i) FRCP 54(b), which allows courts to revise "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the right and liabilities of fewer than all the parties . . . before the entry of judgment . . ."; or (ii) the Court's inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction . . . ." *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003) (citing *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001)) (examining motion for reconsideration of a discovery order under FRCP 54(b) and inherent authority rather than

FRCP 59 or FRCP 60(b)). While the common law and Rule 54(b) may provide distinct sources for the Court's authority to reconsider its rulings, it appears that the approach should be the same under both. *Cf. Souza v. Ashcroft*, No. C00–4246MMC, 2001 WL 823816, at *3 (N.D. Cal. July 16, 2001), *aff'd*, 52 F. App'x 40 (9th Cir. 2002) (treating both sources as providing equivalent basis for reconsidering an interlocutory order).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Local Rule Civ. 7.2(g)(1); *see also Motorola*, 215 F.R.D. at 586 (analyzing a motion for reconsideration). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Local Rule Civ. 7.2(g)(2). The good cause standard primarily considers the diligence of the party filing the untimely motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff argues that her motion for reconsideration should be granted for several reasons. First, Plaintiff asserts that the Court erred in finding her discovery motions, filed after discovery closed, untimely because "Motions to Compel, can be filed when a party does not receive discovery *by* the deadline and not just *prior* to a deadline." (Doc. 103 at 3). Further, Plaintiff argues that there is no federal or state rule dictating a time limit for filing a motion to compel, and that the "untimely" standard is a subjective one. (*See id.*).

The Federal Rules of Civil Procedure and the Local Rules of this district do not specify a time limit for filing a motion to compel, so the Court must determine a reasonable

time for a party to bring a motion to compel. In its Rule 16 Order, the Court made clear that all discovery, including "discovery necessitated by the Court's ruling on any discovery disputes" must be completed *before* the discovery deadline. (Doc. 30 at 2 n.2). Thus, in its October 6, 2020 Order, the Court determined that bringing a motion to compel nearly two months after the discovery deadline was unreasonable, so Plaintiff's motions to compel were denied. (*See* Doc. 102); s*ee also V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 360 (D. Nev. 2019) ("Untimeliness is sufficient ground, standing alone, to deny a discovery motion."); *Sequoia Prop. v. United States*, 203 F.R.D. 447, 450 (E.D. Cal. 2001) (motion to compel filed after deadline set in pretrial scheduling order was denied as untimely). Plaintiff has shown, and the Court finds, no reason to characterize this determination as manifest error.[1]

Plaintiff additionally asserts that the Court did not examine the proper facts when ruling on her motions to compel. (*See* Doc. 103 at 2–5). Plaintiff's Motion for Reconsideration references her "debilitating, chronic illness" and restrictions imposed by COVID-19 when discussing her untimely motions to compel, but then states that her illness and COVID-19 "did not interfere with the progress of the case" or her ability to file her motions to compel. (*See* Doc. 103 at 4). Instead, Plaintiff asserts that Defendant's unforeseeable "abuse of the discovery process" prompted her untimely filing. (*See id.* at 5). Yet, Plaintiff also states that "[p]rior to the discovery deadline of June 29, 2020, Plaintiff advised [Defendant] on approximately three separate occasions[] the intent to file motions to compel, which all prompted the Defendant to schedule the 'meet and confers' the parties held." (*Id.* at 4). Thus, it appears that Plaintiff foresaw the possibility of needing to involve the Court in the discovery process well before the deadline. However, rather than timely file any motions to compel with the Court, Plaintiff waited until nearly two months after the discovery deadline to file her motions to compel. Plaintiff has, therefore, failed to show

---

[1] Plaintiff cites a case from the Fourth Circuit, *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989), in which an eleventh-hour discovery motion was granted. However, the *Richards & Assocs.* court allowed the eleventh-hour discovery based, in part, on a finding of bad faith and stalling by the opposing party that caused prejudice to the party seeking discovery. *See id.* at 93. No such finding has been made in this case, so the Fourth Circuit's reasoning is inapplicable to the instant analysis.

- 4 -

new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence to justify granting a motion for reconsideration. *See* Local Rule Civ. 7.2(g)(1).

Plaintiff further notes that the Court requested parties email chambers, rather than call, when reporting a discovery dispute. (*See* Doc. 103 at 2–3). Plaintiff argues this change caused a delay in her reporting a discovery dispute from the morning of the discovery deadline to the afternoon of the discovery deadline. (*See id.*). While this change does not seem to address the motions to compel at issue, the Court notes that any delay in reporting her discovery dispute caused by the need to email chambers rather than call was not a ground upon which the Court declined to hear the parties' discovery dispute or denied Plaintiff's motions to compel.

Because Plaintiff has failed to make "a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence," the Court will deny her motion for reconsideration. Local Rule Civ. 7.2(g)(1); *see also Motorola*, 215 F.R.D. at 586 (analyzing a motion for reconsideration).

### III. REQUEST FOR SUMMARY DISPOSITION

Local Rule of Civil Procedure 7.2(i) provides that if a party, "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." *Parker v. Shaw & Lines, LLC*, No. CV09-2003-PHX-JAT, 2010 WL 1640963, at *1 (D. Ariz. Apr. 20, 2010) (quoting LRCiv. 7.2(i)). The Ninth Circuit, however, has held that Federal Rule of Civil Procedure 56, which governs summary judgment, "prohibit[s] the grant of summary judgment 'by default even if there is a complete failure to respond to the motion.'" *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003) (holding that a district court may not grant a motion for summary judgment by default because a party failed to respond to the motion for summary judgment). When a situation arises where a local rule conflicts with a federal rule, as is the case here, the local rule "cannot provide a valid basis for granting a

motion for summary judgment." *Heinemann*, 731 F.3d at 917. Therefore, Defendant's Request for Summary Disposition based on Local Rule of Civil Procedure 7.2(i) (Doc. 114) will be denied.

## IV.  MOTION TO FILE A LATE RESPONSE

When a party fails to timely act, a court may extend the time to act for good cause if that party failed to act as a result of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes and citations omitted). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citations omitted). Rule 6(b)(1)(B), "like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Id.* at 1258–59 (internal quotation marks and citations omitted).

Because, under Ninth Circuit precedent, the Court cannot grant a request for summary disposition on a motion for summary judgment, *see supra* Part III, the question at issue is whether the Court will consider Plaintiff's response or consider the merits of Defendant's Motion for Summary Judgment without the benefit of full briefing. The analysis in this case is close, but because the instant issue is whether a response to a motion for summary judgment can be filed, Plaintiff's Motion to File a Late Response will be granted.

First, there is minimal to no prejudice to Defendant. Additional costs of litigation that result from a party's failure to timely respond and the potential—rather than the actual—loss of a victory due to a party's failure to respond do not constitute cognizable forms of prejudice, especially in light of the fact that cases should be decided on the merits

when possible. *Evangelista v. Just Energy Mktg. Corp.*, No. SACV1702270CJCSSX, 2018 WL 4849673, at *3 (C.D. Cal. July 9, 2018). Further, even if a late response is allowed, an opposing party is not prejudiced if that party is given an opportunity to reply. *See New Hampshire Ins. Co. v. Blaze Const. Inc.*, 28 F.3d 107 (9th Cir. 1994). This factor favors Plaintiff.

Second, delay was not excessive in the context of a motion for summary judgment. The Court set the deadline for Plaintiff's response at October 29, 2020. (Doc. 101). Plaintiff filed her proposed response on November 20, 2020, (Doc. 107), which means Plaintiff filed her proposed response 22 days after the response deadline. A twenty-two-day delay does not alone justify denying a motion to file a late response to a motion for summary judgment under Rule 6(b)(1)(B). *See Bateman*, 231 F.3d at 1225 (finding a nearly-one-month delay "not long enough to justify denying relief"); *Evangelista*, 2018 WL 4849673, at *3 (concluding delay of twenty-five days weighed in favor of granting relief); *Gibbs v. Warden Asuncion*, No. CV 18-755-CJC(E), 2018 WL 6074521, at *2 (C.D. Cal. Apr. 18, 2018) (finding delay of over a month was "insubstantial" and weighed in favor of finding excusable neglect). Indeed, Defendant did not show this twenty-two-day delay has had any significant effect on the progress of this case. *See Bateman*, 231 F.3d at 1225. This factor also favors Plaintiff.

Third, the reason for delay does not preclude a finding of excusable neglect. Plaintiff asserts that she failed to timely respond because she had to "reedit" her response when the Court granted neither her motion to compel nor her motion for reconsideration prior to the response deadline. (*See* Doc. 106 at 7–8). In its September 30, 2020, Order, however, the Court noted that the outstanding motions were not a proper basis for delay. (Doc. 101 at 1). But "[t]he right way, under *Pioneer*, to decide cases involving" the failure to comply with federal rules, including deadlines, "is with an 'elastic concept' equitable in nature, not with a per se rule." *See Pincay v. Andrews*, 389 F.3d 853, 858–60 (9th Cir. 2004) (en banc) (citation omitted) (holding that district court was within its discretion to grant relief under the same factor test as required by Rule 6(b)(1)(B) while recognizing that the excuse

presented there, "[the] failure to read an applicable rule[,] is one of the least compelling excuses that can be offered"). Even an attorney's near-month-long delay in filing a response to summary judgment "based on his recovery from jet lag and the time it took to sort through the mail that had accumulated while he was away" has been excused. *See Bateman*, 231 F.3d at 1223, 1225; *see also Ahanchian*, 624 F.3d at 1262 (concluding that "a calendaring mistake caused by the failure to apply a clear local rule," while an admittedly "weak justification for . . . delay," constituted excusable neglect). The Court likewise finds that Plaintiff's incorrect belief that her motions would be granted prior to the deadline does not preclude a finding of excusable neglect.

Finally, the Court does not find bad faith here. The good faith analysis under Rule 6(b)(1)(B) looks to "whether the failure to file in a timely fashion was 'in bad faith or [in an attempt] to obtain any advantage.'" *Goens v. Adams & Assocs., Inc.*, No. 216CV00960TLNKJN, 2018 WL 263896, at *4 (E.D. Cal. Jan. 2, 2018) (alteration in original) (citation omitted); *see Ahanchian*, 624 F.3d at 1262; *see also Pincay*, 389 F.3d at 861 (Berzon, J., concurring) ("The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence."). Plaintiff claims that her failure to timely file was not the result of bad faith but instead because she had to edit her response when the Court had not granted her motions to compel and for reconsideration by the response deadline. (*See* Doc. 106 at 7–8). While the Court noted that the outstanding motions were not a proper basis for delay, (Doc. 101 at 1), it does not appear that Plaintiff's delay in this case was to gain a tactical advantage, but instead was the result of poor judgment and negligence.

Plaintiff argues, and Defendant does not dispute, that once she realized her motions would not be granted before the response deadline, it took Plaintiff 21 days to edit and submit her response. (*See* Doc. 106 at 7–8); (*see also* Doc. 114 at 4–5). This means Plaintiff could have completed her response on time had she begun her edit when the Court issued its September 30, 2020 Order. (*See* Doc. 101). Plaintiff's delay in preparing her response under the belief that she would receive a favorable outcome in her motions certainly

displays poor judgment and negligence but does not appear to be the result of an attempt to gain a tactical advantage over Defendant. Additionally, Defendant does not argue that any advantage was gained by this delay, other than a "de facto three-week extension of time." (*See* Doc. 114 at 7). In short, while Plaintiff should have understood that the outcome of her motions to compel and for reconsideration would not alter the response deadline, the facts here simply do not appear to rise to the level of bad faith. *See Bateman*, 231 F.3d at 1225.

While it is a close question, because the Court may not grant a request for summary disposition on a motion for summary judgment, the equities favor Plaintiff. Therefore, her Motion to File a Late Response (Doc. 106) will be granted.

V. **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 103) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Late Response (Doc. 106) is **GRANTED**, and Defendant's Request for Summary Disposition (Doc. 114) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk's Office to file Plaintiff's Proposed Response in Opposition to Defendant's Motion for Summary Judgment (lodged at Doc. 107).

**IT IS FURTHER ORDERED** that Defendant may file a reply in support of its motion for summary judgment by January 22, 2021.

Dated this 7th day of January, 2021.

James A. Teilborg
Senior United States District Judge